91 F.3d 147
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert V. SPEARS, Defendant-Appellant.
 No. 96-1094.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 19, 1996.*
Decided June 28, 1996.
 
 ORDER
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 
 1
 After Robert Spears was convicted by a jury, he missed the 10-day notice of appeal deadline. He applied to the district court pursuant to Federal Rule of Appellate Procedure 4(b) for an extension for "excusable neglect," which the court granted without explanation. The appellee has filed a motion to dismiss based on the court's failure to find and appellant's failure to show facts demonstrating excusable neglect. We agree and dismiss for lack of jurisdiction.
 
 
 2
 In his motion to the district court, Spears asserted that "[c]ounsel for Mr. Spears (mistakenly) believed that the time [to file a notice of appeal] had not yet run because she had no recollection of seeing the written order by the Court normally received in her office in due course," and that "[t]he written order was signed by the Court on December 23, 1995 but was either overlooked or misfiled by counsel.... Robert V. Spears should not be denied his right to appeal the verdict of his jury trial, due to the inadvertant [sic] neglect of counsel." This is ordinary neglect and not excusable neglect, as our subsequent decisions illustrate in Prizevoits v. Indiana Bell Telephone Co., 76 F.3d 132 (7th Cir.1996) (construing Fed.R.App.P. 4(a)(5), which authorizes extensions in civil appeals), and United States v. Marbley, 81 F.3d 51, 52 (7th Cir.1996) (Fed.R.App.P. 4(b), criminal appeals) (" '[I]nadvertence,' without more, is not an excuse. It is merely a synonym for 'neglect,' and our court and the other courts of appeals have made clear that not every instance of neglect to file on time is excusable.").
 
 
 3
 Marbley appears to be exactly on point because there, as here, the district court failed to give any reasons to support its finding of excusable neglect; moreover, like Marbley, the underlying facts would not support such a finding anyway. On appeal, Spears attempts to minimize these difficulties by asserting that "the order entering the case on the docket was not received by counsel in the normal course" and suggesting that "lost mail" can be excusable neglect. This is not, however, a case of lost mail; this is, as was forthrightly conceded below, a case of "inadvertent neglect of counsel." Appellant's other arguments are equally unavailing.
 
 
 4
 The district court's finding of excusable neglect is unsupported by the facts, rendering the grant of extension an abuse of discretion. For lack of jurisdiction, the appeal is DISMISSED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument in unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)