UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BARRY K. MCCLAMROCK,
<u>Plaintiff-Appellant,</u>

and

CARLTON M. DEVORE,
<u>Plaintiff,</u>

No. 97-1930

v.

CONCORD, NORTH CAROLINA CITY, a
North Carolina Municipal
Corporation; WILLIAM MORRISON,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Russell A. Eliason, Magistrate Judge.
(CA-95-223-4)

Submitted: February 10, 1998

Decided: February 26, 1998

Before NIEMEYER and LUTTIG, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Barry K. McClamrock, Appellant Pro Se. Jackson N. Steele, Anne E.
Essaye, William Mark Griffith, KILPATRICK STOCKTON, L.L.P.,
Charlotte, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Barry McClamrock appeals from the magistrate judge's order* denying his motion for reconsideration of the court's earlier order denying reconsideration of the court's underlying judgment order. We previously dismissed as untimely McClamrock's appeal from the underlying judgment and from the magistrate judge's order denying his first motion for reconsideration. See McClamrock v. City of Concord, No. 97-1608 (4th Cir., Aug. 29, 1997). The order that McClamrock now appeals issued on April 30, 1997.

The applicable time period for appealing this order was 30 days. See Fed. R. App. P. 4(a); Wilder v. Chairman of the Cent. Classification Bd., 926 F.2d 367, 370 (4th Cir. 1991). Thus, absent an authorized grant of an extension of time to appeal, the appeal period would have expired on Friday, May 30, 1997. The magistrate judge, however, granted an extension of time in this case based on McClamrock's May 12, 1997, motion for stay in which he requested that the court stay the action on the ground that the weight of the evidence did not support the jury's verdict in favor of the Appellees. The court construed the motion as a request for an extension of time to appeal and granted McClamrock ten days from the date of its order granting the extension (June 26, 1997) to appeal the April order. McClamrock then filed this appeal on July 3, 1997, within the ten day period.

District courts are authorized to grant an extension of time for filing a notice of appeal, within certain time frames, based upon an appellant's showing of good cause or excusable neglect. Fed. R. App. P. 4(a)(5); See Myers v. Stephenson, 781 F.2d 1036, 1038 n.3 (4th Cir. 1986). In this case, the magistrate judge provided no explanation

_____

*The parties consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c) (1994).

2

for his decision to grant an extension other than that McClamrock, in the court's view, requested one. Because this action is not authorized by the Rules, we must vacate the magistrate judge's grant of an extension of time and remand for appropriate findings. We note that, because McClamrock requested the extension prior to the expiration of the appeal period, excusable neglect analysis is inappropriate. See Virella-Nieves v. Briggs & Stratton Corp., 53 F.3d 451, 453 (1st Cir. 1995). On remand, therefore, the magistrate judge's analysis should be limited to whether McClamrock can show good cause for granting an extension.

We are mindful of the fact that the Appellees have not objected to the magistrate judge's grant of an extension in this case. Because, however, the issue bears on the subject matter jurisdiction of the court, such objection is unnecessary. See Prizevoits v. Indiana Bell Tel. Co., 76 F.3d 132, 134-35 (7th Cir. 1996) (J. Eschbach, dissenting). This is particularly true where the magistrate judge has not addressed the issue of good cause, as opposed to the situation in Prizevoits, where no party objected to the district court's finding of good cause, but the court, on its own initiative, reversed because it found the determination unsupportable. See id.

Accordingly, the magistrate judge's order granting authorization to file an untimely appeal is vacated, and the case is remanded for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

3