Joann **CAVALIERI, as plenary guardian of the estate of Steven Cavalieri, a disabled person, Plaintiff,**

v.

**CITY OF CHAMPAIGN, a municipal corporation, and Donald Shepard, Defendants.**

**No. 99–CV–2121.**

United States District Court, C.D. Illinois, Urbana Division.

Jan. 31, 2002.

Joseph W. Phebus, Nancy J. Glidden, Phebus & Winkelmann, West Chester, PA, for Plaintiff.

Michael R. Cornyn, Thomas, Mamer & Haughey, Champaign, IL, for Defendants.

## ORDER

McCUSKEY, District Judge.

On January 16, 2002, Plaintiff filed a Motion for Extension of Time to File Notice of Appeal (# 150) and a Memorandum in Support. Defendants filed their Response to Plaintiff's Motion (# 152) and a Memorandum in Opposition (# 153) on January 28, 2002. Following this court's careful consideration of the arguments presented by the parties, Plaintiff's Motion for Extension of Time to File Notice of Appeal (# 150) is DENIED.

## FACTS

On November 27, 2001, this court entered an Order (# 145) which GRANTED Plaintiff's Request for an Order Granting Permission to Appeal the Court's Grant of Defendant Troy Daniels' and the City of Champaign's Motions for Summary Judgment (# 144). This court's Order stated, in pertinent part:

(1) Plaintiff's Request for an Order Granting Permission to Appeal the Court's Grant of Defendant Troy Daniels' and the City of Champaign's Motions for Summary Judgment (# 144) is construed by this court as a request for certification pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and is GRANTED.

(2) This court directs the entry of final judgment in favor of Defendant Troy Daniels. This court also directs the entry of final judgment in favor of Defendant City of Champaign on Count VIII of Plaintiff's Second Amended Complaint, Plaintiff's failure to train claim.

(3) Pursuant to Rule 54(b), this court certifies for immediate appeal those portions of its October 15, 2001, Order (# 128) which granted Defendant Troy Daniels' Motion for Summary Judgment and which granted Defendant City of Champaign's Motion for Summary Judgment on Count VIII of Plaintiff's Second Amended Complaint.

Plaintiff did not file a Notice of Appeal within 30 days after the entry of this Order as required by Rule 4(a)(1) of the Federal Rules of Appellate Procedure.

On January 16, 2002, Plaintiff filed her Motion for Extension of Time to File Notice of Appeal (# 150). Plaintiff stated that, following the entry of this court's November 27, 2001, Order, Plaintiff's attorney "anticipated filing a Notice of Appeal." Plaintiff stated that, prior to doing so, on December 3, 2001, Plaintiff's attorney received a briefing schedule from the Seventh Circuit which the attorney "believed" was inclusive of the appeal filed by Defendant Donald Shepard on October 17, 2001 (# 134) and Plaintiff's appeal. Therefore, Plaintiff's attorney did not file a Notice of Appeal but proceeded with the preparation of a brief in support of Plaintiff's appeal. Plaintiff stated that, prior to January 7, 2002, the date the brief was believed to be due, Plaintiff's attorney contacted the Clerk's office at the Seventh Circuit to inquire as to a procedural matter. Plaintiff's attorney was then informed

that no separate number had been assigned to Plaintiff's appeal and that it had not been consolidated with Shepard's appeal. Plaintiff's attorney then realized that a Notice of Appeal had to be filed. Plaintiff argued that the circumstances surrounding her failure to file a timely Notice of Appeal showed that good cause was present or, alternatively, that the failure was due to excusable neglect. Plaintiff argued that the time for filing a Notice of Appeal should be extended pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure.

In their Memorandum in Opposition (# 153), Defendants argue that Plaintiff's misinterpretation of the Seventh Circuit's scheduling order and mistake in not understanding the need for filing a Notice of Appeal after this court certified issues for immediate appeal under Rule 54(b) do not constitute " excusable neglect." Therefore, Defendants argue that Plaintiff's Motion should be denied.

## ANALYSIS

■ Rule 4(a)(5) of the Federal Rules of Appellate Procedure states:

The district court may extend the time to file a notice of appeal if:

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) that party shows excusable neglect or good cause.

Fed. R.App. P. 4(a)(5). As noted by Defendants, "good cause" applies only to the situation where the appellant asks for the extension before the original 30 days are up. *Prizevoits v. Indiana Bell Tel. Co.*, 76 F.3d 132, 133 (7th Cir.1996). That is not the case here, so the standard of good cause cannot be met by Plaintiff. *See Prizevoits*, 76 F.3d at 133. Therefore, this court must determine whether Plaintiff's failure to file a timely Notice of Appeal

was due to "excusable neglect." In this case, the only explanation provided is that Plaintiff's attorney "received a briefing schedule from the Seventh Circuit" which somehow caused her to believe that Plaintiff's cause was already on appeal. Plaintiff also states that her attorney did not realize until sometime shortly before January 7, 2002, that a Notice of Appeal was required, based upon the attorney's contact with the Clerk's office at the Seventh Circuit.

This court first notes that it believes that its November 27, 2001, Order (# 145) was very clear. This court was ruling on Plaintiff's Request for an Order Granting Permission to Appeal the Court's Grant of Defendant Troy Daniels' and the City of Champaign's Motions for Summary Judgment (# 144). In this Request, Plaintiff noted that Donald Shepard had filed a Notice of Appeal and stated that "from an efficiency standpoint it is appropriate to have the Seventh Circuit review the Court's grant of Defendant Daniels' Motion for Summary Judgment as this can be done by consolidation." In its Order granting Plaintiff's Request, this court stated that "[p]ursuant to Rule 54(b), this court certifies for immediate appeal those portions of its October 15, 2001, Order (# 128) which granted Defendant Troy Daniels' Motion for Summary Judgment and which granted Defendant City of Champaign's Motion for Summary Judgment on Count VIII of Plaintiff's Second Amended Complaint." The Order did *not* state that these portions of its October 15, 2001, Order were automatically on appeal. In essence, this court granted Plaintiff's Request for "Permission to Appeal." This court concludes that, based upon even a cursory review of this court's Order, Rule 54(b) of the Federal Rules of Civil Procedure and Rule 4(a)(1) of the Federal Rules of Appellate Procedure, a reasonable attor-

ney would have known that a Notice of Appeal was necessary within 30 days of this court's November 27, 2001, Order. This court additionally notes that Plaintiff has not provided this court with a copy of the briefing schedule which allegedly caused her attorney's confusion. However, this court concludes that the fact that the Seventh Circuit issued a briefing schedule when Shepard's appeal was already pending should not have caused Plaintiff's attorney to believe Plaintiff's appeal was pending also.

Whether attorney negligence may constitute excusable neglect in missing a deadline is a matter of discretion for the trial judge. *See Robb v. Norfolk & W. R.R.*, 122 F.3d 354, 359 (7th Cir.1997); *Carson v. Armstrong World Indus., Inc.*, 2000 WL 283964, at *3 (N.D.Ill.2000). The Supreme Court has held that " 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). *Pioneer* did not involve an issue of "excusable neglect" under Rule 4(a)(5) of the Federal Rules of Appellate Procedure. However, the Seventh Circuit, in *Prizevoits*, considered the Supreme Court's ruling in *Pioneer* and noted that "the term [excusable neglect] bears the same or similar meaning throughout the federal procedural domain." *Prizevoits*, 76 F.3d at 134. The Seventh Circuit has specifically acknowledged that " 'excusable neglect' has a new and broader meaning in the aftermath of the Supreme Court's [decision in *Pioneer*]." *Robb*, 122 F.3d at 361–62.

This court recognizes, therefore, that negligence on the part of an attorney can be "excusable neglect." However, all negligent late filings are not automatically considered "excusable neglect." *See Robb*,

122 F.3d at 362. "An unaccountable lapse is not excusable neglect." *Prizevoits*, 76 F.3d at 133. In *Prizevoits*, the Seventh Circuit found no excusable neglect where "the rule is crystal clear, the error egregious, [and] the excuses so thin as to leave the lapse not only unexcused but inexplicable." *Prizevoits*, 76 F.3d at 134.

This court concludes, in the exercise of its discretion, that Plaintiff's failure to file a Notice of Appeal within 30 days of this court's November 27, 2001, Order was not due to "excusable neglect." The Order was clear, and, under the applicable federal rules, a timely Notice of Appeal was obviously necessary to preserve Plaintiff's appeal rights. The fact that Shepard's appeal was already pending was the reason for Plaintiff's request for the November 27, 2001, Order and simply cannot excuse the failure to file a Notice of Appeal. In short, this court does not consider the explanations provided by Plaintiff to be excusable. *See Prizevoits*, 76 F.3d at 134; *Carson*, 2000 WL 283964, at *4. Therefore, this court agrees with Defendants that Plaintiff's Motion (# 150) should be denied.

IT IS THEREFORE ORDERED THAT:

(1) Plaintiff's Motion for Extension of Time to File Notice of Appeal (# 150) is DENIED.

(2) This case remains stayed pending the resolution of Shepard's appeal.