**CASIO COMPUTER CO., LTD.,**
**Plaintiff–Appellee,**

v.

**Joanne NOREN, a/k/a "Joanne M. Marlowe," Defendant–Appellant.**

**No. 01–3250.**

United States Court of Appeals, Seventh Circuit.

Argued March 5, 2002.

Decided April 5, 2002.

Before COFFEY, EASTERBROOK, and MANION, Circuit Judges.

## ORDER

Casio Computer Company, a Japanese corporation, brought this diversity action against Joanne Noren, an Illinois citizen, and one of Noren's solely owned foreign corporations, alleging that Noren and her corporation participated in a wire-transfer scheme that defrauded Casio out of $33.1 million. After Noren missed two court appearances and failed to either timely answer the complaint or file a responsive motion, the district court entered a default judgment. Noren moved, unsuccessfully, under Federal Rule of Civil Procedure 60(b) to set aside the default, and it is from the denial of that motion that she now appeals pro se.

The allegations in Casio's complaint are similar to those made against Noren in *Casio Computer Co. v. Sayo*, No. 98CV3772 (WK), 2000 WL 1877516 (S.D.N.Y. Oct.13, 2000), and given the posture of this case need not be repeated. We note, however, that in this diversity action Casio seeks relief only under Illinois

law whereas in the New York case Casio included a RICO claim as the sole basis for federal subject matter jurisdiction. In sum, the complaint alleges a web of financial misconduct beginning with the embezzlement of $30 million by one of Casio's employees, $25 million of which was transferred to Noren as the "project fund manager" for a hotel development scheme in the Canary Islands. Using a complicated series of wire transfers designed to resemble legitimate investment, Noren allegedly concealed the $25 million, plus $8.1 million worth of profits (or principal disguised as profits)–money that to this day remains missing.

Noren received service of Casio's complaint on March 9, 2000, and on March 28 she filed a pro se motion for an extension of time to respond. At a hearing on April 14, the court granted her an extension until April 26 and also scheduled a status hearing for that same day. At the April 14 hearing, Noren promised to retain a lawyer for herself and her corporation (which, the court reminded her, would be subject to default because corporations may not appear pro se). But Noren failed to retain counsel, and she did not file an answer as directed by April 26 or appear at the hearing scheduled that day. According to Noren, she thought the hearing was scheduled for April 28 and learned of the mistake only on April 27, when she called the district court clerk to check the time for the hearing.

On May 3 Casio moved for a default judgment, supported by an affidavit from the manager of its legal department averring a $33.1 million loss, and a hearing was set for May 16. On May 15 Noren moved to hold the case in abeyance pending the outcome of the litigation against her in New York, but she did not appear on May 16 to oppose Casio's motion for a default judgment. (Noren has offered conflicting explanations for her failure to appear. In an affidavit filed in the district court, she attested that she thought the motion for default would be heard on May 17. But in her appellate brief and at oral argument, Noren told us that she never received notice of the May 16 hearing.) Noren did appear on May 17, however, to prosecute her own motion to hold the case in abeyance, which the district court denied. The court then entered a $33.1 million default judgment against her and her corporation.

After post-judgment discovery commenced, Noren retained counsel, who on July 11 filed a motion to vacate the default judgment under Rule 60(b). Noren then retained a second firm and filed for bankruptcy. After the bankruptcy stay was modified to allow further proceedings in the district court, Noren filed an amended Rule 60(b) motion, and both sets of lawyers then moved to withdraw, each citing a problem with the "degree of communications" between themselves and Noren. After keeping one set of lawyers in the case to finish briefing the Rule 60(b) motion, the district court granted all the motions to withdraw and then denied Noren's Rule 60(b) motion.

Rule 60(b)(1) provides for relief from a default judgment for reasons of "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1). Rule 60(b) supplies an extraordinary remedy to be granted in exceptional circumstances, *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir.1995), and we review the denial of a Rule 60(b) motion only for abuse of discretion, *see Talano v. Northwestern Med. Faculty Found. Inc.*, 273 F.3d 757, 762 (7th Cir.2001). On appeal Noren contends that the district court should have granted her motion, arguing that she had established "good cause" for allowing the default judgment to occur, that she took reasonably prompt action to

vacate the award, and that she had a meritorious defense on the merits. *See United States v. 8136 S. Dobson St.*, 125 F.3d 1076, 1083 (7th Cir.1997). As good cause Noren appears to argue a form of "excusable neglect," claiming that her unfamiliarity with litigation led her to make "honest mistakes." In particular she emphasizes her alleged confusion over the April 26 deadline and her erroneous belief that she could answer Casio's complaint with the general denial of wrongdoing contained in her untimely motion to hold the case in abeyance.

The Supreme Court has adopted a "flexible understanding" of excusable neglect, *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 389, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), that encompasses "all relevant circumstances surrounding the party's omission," *United States v. Brown*, 133 F.3d 993, 996 (7th Cir.1998) (quoting *Pioneer*, 507 U.S. at 395). Factors include the reason for the default, whether it was within the movant's control, the danger of prejudice to the nonmovant, and the interests of efficient judicial administration. *See Brown*, 133 F.3d at 996. But "[i]nadvertence, ignorance of the rules, or mistakes construing the rules" are not ordinarily recognized as forms of excusable neglect, *Pioneer*, 507 U.S. at 391–92, and negligent handling of a case, by itself, will not excuse untimely behavior or satisfy the showing required by Rule 60(b), *see Norgaard v. DePuy Orthopaedics, Inc.*, 121 F.3d 1074, 1075 (7th Cir.1997).

■ Here Noren's excuse is that she did not understand her obligation to either timely file an answer specifically admitting or denying each of Casio's allegations as required by Federal Rule of Civil Procedure 8(b) or to assert a defense by motion authorized under Federal Rule of Civil Procedure 12. But Noren's inability or refusal to read and follow the Federal Rules' plain language certainly does not rise to the level of excusable neglect. *See Prizevoits v. Ind. Bell Tel. Co.*, 76 F.3d 132, 133 (7th Cir.1996). That standard is reserved for miscarriages of justice caused, for instance, by a judicial officer's misrepresentations, lost mail, or plausible misinterpretations of ambiguous rules. *Id.* at 134. This is true even for litigants like Noren who appear pro se. *See Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir.1994); *cf. McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Pro se litigants are entitled to a limited degree of procedural protections as provided by statutes and case law, but they are not entitled to claim complete dispensation of procedural rules. *Popovich*, 71 F.3d. at 699. Noren was given an extension to file her answer and the district court warned her (at least with respect to her corporation) that noncompliance would result in a default judgment. Despite the staggering amount of money involved, Noren failed to heed this warning. Because her carelessness is not a basis for relief under Rule 60(b), the court did not abuse its discretion in denying her motion.

■ Moreover, even if Noren could demonstrate excusable neglect, she has failed to establish that she moved within a reasonable amount of time to vacate the award or that she has a valid defense on the merits. Noren waited 55 days to file her Rule 60(b) motion. We have found a delay of less than five weeks unacceptable, particularly in cases where a pro se litigant later demonstrates the capacity to hire a lawyer (in Noren's case two different firms) to move to vacate the default.

*See Jones,* 39 F.3d at 165; *see also C.K.S. Eng's, Inc. v. White Mountain Gypsum Co.,* 726 F.2d 1202, 1208 (7th Cir.1984) (criticizing a two-month delay). The "reasonableness" of a delay does vary between cases, but to be reasonable a delay ought to have a good explanation. *See Berwick Grain Co. v. Ill. Dep't of Agric.,* 189 F.3d 556, 560 (7th Cir.1999). Noren says that she spent her time seeking representation, an arduous task, she contends, given her lack of finances and the complexities of her case. Yet Noren could have promptly filed a Rule 60(b) motion on her own behalf without counsel (or better, a motion under Rule 59), and she has offered no reason for her failure to take such initiative.

Noren's articulated defenses to Casio's complaint are similarly unpersuasive. She urges three. First, she points out that Casio's lawsuit against her was dismissed in New York. But the New York case was dismissed under the doctrine of *forum non conveniens* after a magistrate judge recommended relinquishing Casio's state law claims for lack of supplemental jurisdiction. *See Casio,* 2000 WL 1877516, at *1, *28–29. Because the dismissal was not "on the merits," the New York case has no preclusive effect on this lawsuit. *See Rivet v. Regions Bank,* 522 U.S. 470, 476, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998). Second, Noren argues that Casio's own negligence–in allegedly allowing one of its employees to make the initial embezzlement–actually caused the company's losses. But this argument is also unavailing, for the complaint asserts several intentional torts, such as conversion, to which comparative fault is not a defense. *See Kerrigan v. Am. Orthodontics Corp.,* 960 F.2d 43, 45 (7th Cir.1992). Third, Noren relays that in her bankruptcy case the judge found that Casio failed to sufficiently plead fraud. Noren was not permitted to supplement the record on appeal with evidence from her ongoing bankruptcy, how-ever, so this assertion (puzzling in its own right) also affords Noren no basis to challenge the denial of her Rule 60(b) motion.

Noren's remaining arguments are frivolous, and we thus see need to discuss only one. She suggests that the judgment should be vacated under the "catch all" provision found in Rule 60(b)(6) for "any other reason justifying relief." *See* Fed. R.Civ.P. 60(b)(6). Numerous cases have held, however, that relief under Rule 60(b)(6) is available only when sections (b)(1) to (b)(5) do not apply. *See, e.g., Pioneer,* 507 U.S. at 393; *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 863 & n. 11, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988); *Webb v. James,* 147 F.3d 617, 622 (7th Cir.1998). Noren's remedy, if she had one, was under section (b)(1), so she derives no benefit from section (b)(6).

AFFIRMED.