**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 8, 2009[*]
Decided December 10, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 09-2674

| | |
|---|---|
| IN THE MATTER OF: UNITED AIRLINES, INC., *Debtor.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| APPEAL OF: PHYLLIS CARR. | No. 09 C 369 |
| | John W. Darrah, *Judge.* |

**O R D E R**

Phyllis Carr moved the bankruptcy court to allow her to file a late notice of appeal to the district court, contending that her attorney's illness delayed a timely filing. The bankruptcy court refused, concluding Carr's failure was inexcusable because she knew of the illness and assumed the risk of relying on her attorney. The district court agreed and

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

affirmed the bankruptcy court's refusal to allow a late appeal. We affirm the judgment of the district court.

Carr filed a proof of claim in the bankruptcy case of her former employer, United Airlines, alleging that United discriminated against her on the basis of a disability. Carr and United settled her claim, with United agreeing to a general, unsecured pre-petition claim for cash against United's estate. Under United's bankruptcy plan, that claim translated into shares of common stock in United, but the shares were worth less than Carr anticipated. After she received her stock, Carr, now proceeding pro se, sought to vacate the settlement agreement in the bankruptcy court because, according to her, she was "conned" into signing an agreement that did not explain that her recovery in bankruptcy might be less than the stated amount of her general, unsecured claim. Carr also asserted that her attorney had been mentally ill and forced to give up almost all of her practice. The bankruptcy court denied her motion to vacate.

Carr filed a notice of appeal more than 10 days after the bankruptcy court's order denying her request to vacate the settlement. Recognizing that the deadline for appealing had passed, she also moved for an extension of time to appeal, invoking Federal Rule of Bankruptcy Procedure 8002(c)(2). Carr argued that she missed the deadline because she relied on her attorney to file a timely appeal, but the attorney failed to file because of her mental illness. The bankruptcy court refused to extend the appeal deadline. It reasoned that Carr's neglect was not excusable because she knew of her attorney's mental health problems three months earlier when she asked the court to vacate the settlement and therefore accepted the risk of continuing with that attorney. Carr appealed this decision to the district court, and the district court agreed that Carr had not shown excusable neglect. We affirm the district court's judgment.

Under Rule 8002, a bankruptcy court can extend the 10-day limit for filing a notice of appeal only if the movant establishes excusable neglect. FED. R. BANKR. P. 8002(c)(2). Excusable neglect is an equitable concept incorporating all the relevant circumstances surrounding the party's omission, including the reason for the default, whether it was within the movant's control, the prejudice to the nonmovant, and the interests of efficient judicial administration. *Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see Prizevoits v. Ind. Bell Tel. Co.*, 76 F.3d 132, 134 (7th Cir. 1996) (concluding that Supreme Court's definition of "excusable neglect" applies "throughout the federal procedural domain"). We review the bankruptcy court's decision about excusable neglect for abuse of discretion. *See In re Singson*, 41 F.3d 316, 320 (7th Cir. 1994).

Here the bankruptcy court reasoned that Carr's reliance on her attorney to file a timely appeal was not excusable because Carr knew three months earlier that her attorney was ill and scaling back her caseload. Like any client, Carr is accountable for the inattentiveness of her attorney. *See Easley v. Kirmsee*, 382 F.3d 693, 699-700 (7th Cir. 2004); *Tango Music LLC v. DeadQuick Music, Inc.*, 348 F.3d 244, 247 (7th Cir. 2003). Aware that her lawyer's reliability was questionable, Carr remained with that lawyer, a decision that was entirely within her control. And, as the bankruptcy court found, Carr articulated no reason for her late filing other than the illness known to her when she filed her pro se motion to vacate three months earlier. Under these circumstances, the bankruptcy court did not abuse its discretion in declining to allow a tardy appeal. *See Raymond v. Ameritech Corp.*, 442 F.3d 600, 607-08 (7th Cir. 2006) (no excusable neglect where delay was attributable entirely to factors within movant's control); *In re Kmart*, 381 F.3d 709, 715 (7th Cir. 2004) (same).

AFFIRMED.