NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 18, 2009
Decided March 13, 2009

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

JOHN D. TINDER, *Circuit Judge*

No. 08-2145

| | |
|---|---|
| FRED SEIFERT,<br>     *Plaintiff-Appellant*,<br><br>    *v.*<br><br>DOMINICK'S FINER FOODS, INC.,<br>    *Defendant-Appellee*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 06 C 2936<br><br>Wayne R. Andersen, *Judge*. |

**ORDER**

Fred Seifert, who is Jewish and was born in 1932, was a pharmacist for Dominick's Finer Foods, a grocery store chain in the Chicago metropolitan area. Dominick's fired Seifert after it received three complaints from female pharmacy technicians who worked with Seifert--the women found his sexual jokes and other behavior inappropriate. Seifert, believing that he was really fired because he was old, a man, and Jewish, filed suit in federal court. The district court granted summary judgment in Dominick's favor, and Seifert now appeals.

Before we can reach the merits, we must determine if we have jurisdiction to hear the appeal. Dominick's maintains that Seifert filed the notice of appeal too late. The judgment in this case was entered on March 17, 2008, and less than 10 days later Seifert filed a skeletal motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). That motion makes no attempt to identify a reason for reconsideration, it simply states that due to counsel's busy schedule and the holidays, arguments in support of the motion would be submitted in a separate memorandum 10 days later, outside of the time limit for filing Rule 59(e) motions. Seifert filed the supporting memorandum on April 4, 18 days after the judgment was entered. The district court denied the motion, and Seifert appealed. The notice of appeal, though filed within 30 days of the denial of the Rule 59(e) motion, was filed 52 days after the judgment was entered. Dominick's then moved this court to dismiss the appeal as untimely, arguing that the cursory Rule 59(e) motion was insufficient to toll the time to file an appeal.

Realizing his mistake, counsel for Seifert asked the district court for an extension of time to file the appeal under Federal Rule of Appellate Procedure 4(a)(5). The district court granted this motion, noting that "although Seifert failed to file his memorandum in support of his Rule 59 motion within the 10-day time period proscribed in Rule 59(e), it was this court's intention at the time that we permitted Seifert to file that memorandum that the time for Seifert to appeal would be tolled until our final disposition of Seifert's Rule 59 motion."

Rule 4(a)(5)(A)(ii) empowers a district court to extend the time for filing a notice of appeal upon a showing of "excusable neglect or good cause." This standard is an equitable one, which takes into consideration "all relevant circumstances including the danger of prejudice [to the non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Marquez v. Mineta*, 424 F.3d 539, 541 (7th Cir. 2005) (internal quotation marks omitted). We review a district court's decision to grant an extension for an abuse of discretion. *United States v. Brown*, 133 F.3d 993, 996 (7th Cir. 1998).

For starters, the original notice of appeal is, without a doubt, untimely. Although a properly filed Rule 59(e) motion tolls the time to file an appeal (Fed. R. App. P. 4(a)(4)(A)(iv)), counsel admits, as he must, that his initial Rule 59(e) motion was fatally flawed. Federal Rule of Civil Procedure 7(b)(1)(B) requires motions to state "with particularity" the grounds for the requested relief. *See Talano v. Nw. Med. Faculty Found.*, 273 F.3d 757, 761 (7th Cir. 2001). This standard is not very onerous, but a motion that does not even articulate a single argument, like the one filed by Seifert's counsel, is insufficient. And the memorandum filed 18 days after the judgment is of no help since an empty motion

cannot reserve time to file an explanation after the 10 days allowed by Rule 59. *Lac Du Flambeau Band of Lake Superior Chippewa Indians v. State of Wisconsin*, 957 F.2d 515, 516-17 (7th Cir. 1992).

The district court excuses this error, noting that by accepting the late memorandum it intended to toll the period for filing the appeal. This is a wobbly reason for granting the extension. The district court, of course, is not the arbiter of the scope of our jurisdiction. What's more, the 10-day time limit for filing a motion under Rule 59(e) is hard and fast-- Federal Rule of Civil Procedure 6(b)(2) prohibits a district court from extending this deadline. *Prizevoits v. Indiana Bell Tel. Co.*, 76 F.3d 132, 133 (7th Cir. 1996). Here, the district court granted the extension to file the appeal because it intended to toll the time to appeal by accepting the tardy memorandum. This essentially amounts to an extension of time to file a Rule 59(e) motion, which the district court is barred from doing.

In hopes of saving the appeal, counsel notes that he has only appeared in two federal cases before this one, and this appeal is his first in federal court. Apparently, in state court, counsel had grown "accustomed to filing cursory motions." We have previously taken into account counsel's level of experience when reviewing a district court's finding of excusable neglect, but that is only one relevant factor among many. *See Brown*, 133 F.3d at 997. Some reasons behind a delay may be inexcusable, no matter what the countervailing factors are. *Id*.; *Prizevoits*, 76 F.3d at 133 (concluding that attorney's attempt to excuse his inaccurate belief that he could extend the deadline for filing a Rule 59(b) motion was "transparently inadequate"). Plus, counsel wasn't a complete newbie. He had argued two other cases in federal court, and the rules here are clear and unambiguous. Moreover, the appeal was significantly delayed--the notice of appeal was filed 52 days after the judgment was entered. *Contra Brown*, 133 F.3d at 996-97 (affirming district court's decision to extend time to file appeal when notice of appeal was filed one day late).

We find no delight in dismissing this appeal for lack of jurisdiction. But in this case, our task is made lighter since Seifert's underlying claim appears to be meritless. Seifert was first disciplined after he made a joke about Lorena Bobbit, who is, of course, infamous for amputating her husband's penis. A female coworker complained about the joke, and Seifert admitted that he made it, although he claims that he did not explicitly state that anyone's genitalia had been cut off (he left that to the imagination for subtlety's sake). Seifert received a warning for this behavior and got a copy of Dominick's sexual harassment policy, which prohibits "[s]exual innuendoes, suggestive comments, [and] jokes of a sexual nature," along with other visually or physically harassing behavior. Nonetheless, about six weeks later, Seifert mentioned masturbation to two other pharmacy technicians, a fact he also admits is true, resulting in two more complaints. Dominick's fired Seifert for this

repeat offense.  Seifert admits to conduct that violates Dominick's sexual harassment policy and provides nothing, beyond his own speculation, that supports his theory that he was actually fired because of his age, religion, or gender.  *See Forrester v. Rauland-Borg Corp.*, 453 F.3d 416, 419 (7th Cir. 2006) (concluding that a showing of pretext requires evidence suggesting that employers reasons for termination were lies).

   Accordingly, this appeal is DISMISSED.