56 F.3d 64
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 In re Homer HESS, et al.; Homer Hess, formerly doing
business as Hess Investments, formerly doing
business as H&H Industrial Services, Debtors.
Kathryn A. BELFANCE, Trustee, Appellee,
v.
BLACK RIVER PETROLEUM, INC., Appellant.
 No. 94-4060.
 United States Court of Appeals, Sixth Circuit.
 May 30, 1995.
 
 N.D.Ohio, No. 94-00593; Lesley Brooks Wells, Judge.
 N.D.Ohio
 VACATED.
 Before: JONES, GUY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Black River Petroleum, Inc. (Black River), appeals a district court order dismissing an appeal from a bankruptcy court decision for lack of jurisdiction. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 The background facts underlying this adversary proceeding are set forth in the bankruptcy court's "Findings of Fact and Conclusions of Law as to Alter Ego of Homer A. Hess," and will not be repeated here. Suffice it to say that the bankruptcy court entered an order granting judgment for the trustee on February 15, 1994. On March 2, 1994, Black River simultaneously filed a "Motion for Nunc Pro Tunc and Leave to File Appeal" and "Notice of Appeal." The trustee filed a motion to dismiss that appeal for non-compliance with the limitations period provided in the Federal Rules of Bankruptcy Procedure, and Black River responded. On March 16, 1994, Black River filed a motion for extension of time to file a notice of appeal. This motion was never ruled on by the bankruptcy court. The district court concluded that it lacked jurisdiction over the appeal as the notice of appeal had not been filed within ten days of the decision. This appeal followed.
 
 
 3
 Upon review, we affirm the district court's holding that the bankruptcy appeal is untimely. In an appeal to the district court in a bankruptcy case, Bankr. R. 8002(a) provides, "[t]he notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." The requirements of the rule are jurisdictional; the untimely filing of a notice of appeal deprives the district court of jurisdiction to review the bankruptcy court's order. See Anderson v. Mouradick (In re Mouradick), 13 F.3d 326, 327 (9th Cir. 1994); Colon v. Hart (In re Colon), 941 F.2d 242, 245 (3d Cir. 1991).
 
 
 4
 Pursuant to Fed. R. Bankr. P. 8002(a), Black River's notice of appeal was due on or about February 25, 1994, ten days from the date the bankruptcy court entered judgment in favor of the trustee. Therefore, the notice of appeal, filed March 2, 1994, was untimely. However, we vacate the order of dismissal and remand the case to the district court for the reason that follows.
 
 
 5
 Under Fed. R. Bankr. P. 8002(c), a motion to extend the time for filing a notice of appeal made no more than twenty days after the expiration of the ten day period may be granted upon a showing of excusable neglect. On March 16, 1994, Black River moved the bankruptcy court, pursuant to Bankr. R. 8002(c), to extend the time for filing the notice of appeal due to excusable neglect. Black River's motion was made within 20 days after the expiration of the time for filing a notice of appeal (February 25, 1994) and, as a result, was timely.
 
 
 6
 The motion to extend the time for filing the notice of appeal was never ruled on by the bankruptcy court. We have consistently held that a lower court retains jurisdiction to proceed with matters that are in aid of the appeal. See Lewis v. Alexander, 987 F.2d 392, 394 (6th Cir. 1993); Cochran v. Birkel, 651 F.2d 1219, 1221 (6th Cir. 1981), cert. denied, 454 U.S. 1152 (1982). In this case, the untimely notice of appeal does not prevent the lower court from ruling on the motion for an extension of time at a later time. Lewis, 987 F.2d at 394. Therefore, the district court's order of dismissal is vacated and this case remanded to the district court. The district court should further remand the case to the bankruptcy court for a ruling on the issue of whether Black River is able to show excusable neglect.