**In re HML II, INC., Debtor.**

**HML II, Inc., Appellant,**

v.

**Richard B. Ginley, Chapter 7 Trustee, Appellee.**

**BAP Nos. 98–8078, 99–8003.**

United States Bankruptcy Appellate Panel of the Sixth Circuit.

Submitted May 3, 1999.

Decided May 27, 1999.

---

Scott H. Schooler, Forbes, Fields & Associates, Cleveland, Ohio, on brief for Appellant.

Stephen D. Hobt, Cleveland, Ohio, on brief for Appellee.

Before: RHODES, STOSBERG, and WALDRON, Bankruptcy Appellate Panel Judges.

## OPINION

HML II, Inc. ("the Debtor") filed a notice of appeal (No. 98–8078) from an order of the bankruptcy court five days after the expiration of the 10–day time limit prescribed in Federal Rule of Bankruptcy Procedure 8002(a). The Debtor subsequently moved for an extension of time in which to file the notice of appeal due to excusable neglect pursuant to Bankruptcy Rule 8002(c)(2). The bankruptcy court denied the Debtor's motion. The Debtor again appealed (No. 99–8003); however, this time within the 10–day time limit. In the interim, the Chapter 7 Trustee moved to dismiss the Debtor's original appeal (No. 98–8078) for lack of jurisdiction. The two appeals were consolidated for decision. The Panel **AFFIRMS** the order of the bankruptcy court denying the Debtor an

extension of time to file the notice of appeal (No. 99–8003), and further **GRANTS** the Chapter 7 Trustee's motion to dismiss the Debtor's original appeal (No. 98–8078) for lack of jurisdiction due to the Debtor's untimely filing of the notice of appeal.

## I. ISSUE ON APPEAL

The issue, dispositive in both appeals, is whether the bankruptcy court abused its discretion in denying the Debtor's motion to extend the time for filing a notice of appeal from the bankruptcy court's order authorizing the Trustee to abandon certain real property as an asset of the estate.

## II. JURISDICTION AND STANDARD OF REVIEW

 The Panel has jurisdiction over the appeals of final orders of the bankruptcy courts of the Northern District of Ohio pursuant to 28 U.S.C. § 158(a)(1) and (c). The bankruptcy court's order denying the Debtor's motion to extend the time for filing a notice of appeal is a final appealable order which the Panel reviews for an abuse of discretion. *Belfance v. Black River Petroleum (In re Hess)*, 209 B.R. 79, 80 (6th Cir. BAP 1997). "An abuse of discretion occurs only when the [trial] court relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." *Id.* at 80–81 (citations and internal quotation marks omitted).

## III. FACTS

The Debtor, dba Mark's Sausage, filed a petition under Chapter 7 on December 16, 1997. The Debtor's schedules listed real property with a fair market value of $57,-900.00 and a mortgage of $60,000.00. The Trustee attempted a sale of the property but received no offers exceeding the $60,-000.00 indebtedness. On August 14, 1998, the Chapter 7 Trustee filed a notice of intent to abandon the real property, to which the Debtor objected on August 28, 1998.

On October 6, 1998, the bankruptcy court overruled the Debtor's objection and authorized the Trustee's abandonment of the real property. The Debtor filed a notice of appeal of the bankruptcy court's order on October 21, 1998, 15 days after the entry of the order. This appeal was docketed by the BAP as No. 98–8078.

On November 4, 1998, 19 days after the expiration of the initial 10-day period in which to file a notice of appeal pursuant to Bankruptcy Rule 8002(a), the Debtor moved for an extension of time to file its notice of appeal due to excusable neglect pursuant to Rule 8002(c)(2). The bankruptcy court held a hearing on December 3, 1998 and entered an order denying the Debtor's motion on December 15, 1998. The Debtor timely filed a notice of appeal from this order of the bankruptcy court on December 22, 1998. This appeal was docketed as No. 99–8003.

On December 21, 1998, the Trustee moved to dismiss No. 98–8078 on the basis that a jurisdictional defect resulted from the Debtor's untimely filing of the notice of appeal. On January 13, 1999, the Panel ordered No. 98–8078 held in abeyance pending the determination of No. 99–8003, and subsequently ordered the two appeals consolidated on February 11, 1999.

## IV. DISCUSSION

 Federal Rule of Bankruptcy Procedure 8002(a) and (c), as amended December 1, 1997, provides in pertinent part:

**Rule 8002. Time for Filing Notice of Appeal.**

(a) **Ten-day period.**

The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from . . . .

. . . .

(c) **Extension of time for appeal.**

(1) The bankruptcy judge may extend the time for filing the notice of appeal by any party, unless the judgment, order, or decree appealed from:

(A) grants relief from an automatic stay under § 362, § 922, § 1201, or § 1301;

(B) authorizes the sale or lease of property or the use of cash collateral under § 363;

(C) authorizes the obtaining of credit under § 364;

(D) authorizes the assumption or assignment of an executory contract or unexpired lease under § 365;

(E) approves a disclosure statement under § 1125; or

(F) confirms a plan under § 943, § 1129, § 1225, or § 1325 of the Code.

(2) A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, *except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect.* An extension of time for filing a notice of appeal may not exceed 20 days from the expiration of the time for filing a notice of appeal otherwise prescribed by this rule or 10 days from the date of entry of the order granting the motion, whichever is later.

Fed. R. Bankr. P. 8002(a) & (c) (emphasis ours).

As stated in Rule 8002, a party seeking appeal of a bankruptcy court's order must file a notice of appeal, or a request for an extension of time in which to file a notice of appeal, within 10 days following the entry of the order. Fed. R. Bankr.P. 8002(a) & (c)(2). However, if the appealing party does not request an extension of time until after the expiration of the 10-day period, the bankruptcy court may nonetheless grant an extension for excusable neglect if the request for such an extension is filed within 20 days after the expiration of the initial 10-day period. Fed. R. Bankr.P. 8002(c)(2). *See also Bel-*

*fance v. Black River Petroleum, Inc.* (*In re Hess* ), 56 F.3d 64, 1995 WL 325703 at *1 (6th Cir.1995).

Bankruptcy Rule 9006 governs the computation of the time periods prescribed by Rule 8002. Rule 9006(a) provides:

In computing any period of time prescribed or allowed by these rules ..., the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the clerk's office inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than 8 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. As used in this rule and in Rule 5001(c), "legal holiday" includes New Year's Day, Birthday of Martin Luther King, Jr., Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day, and any other day appointed as a holiday by the President or the Congress of the United States, or by the state in which the court is held.

Fed. R. Bankr.P. 9006(a).

The bankruptcy court's order overruling the Debtor's objections and authorizing the Trustee to abandon the real property was entered on October 6, 1998. Under Rule 9006, the 10-day period in which to file a notice of appeal pursuant to Rule 8002(a) thus expired on October 16, 1998, which was five days prior to the Debtor's filing of its notice of appeal on October 21, 1998. However, the Debtor's request for an extension of time to file a notice of appeal was filed on November 4, 1998, 19 days following the expiration of Rule 8002(a)'s 10-day period, and thus within

the 20-day period in which to request an extension based on excusable neglect as permitted by Rule 8002(c)(2).

The Debtor argues its failure to comply with Rule 8002(a) was the result of excusable neglect because it inadvertently relied upon Rule 6 of the Federal Rules of Civil Procedure to compute the running of the 10-day filing deadline under Rule 8002(a). Civil Rule 6(a) provides that "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." FED. R. CIV. P. 6(a). Thus, if Civil Rule 6(a) were applicable to the time limits prescribed by Bankruptcy Rule 8002(a), the Saturdays and Sundays falling on October 10, 11, 17, and 18, 1998 would be excluded from the computation, as would Columbus Day, which fell on October 12, 1998. When these five days are excluded, the 10th day following October 6th is October 21, 1998, the day on which the Debtor filed its notice of appeal. The Debtor emphasizes in its brief that its failure to comply with Rule 8002(a) was an unintentional oversight occasioned by its attorney's unfamiliarity with bankruptcy procedure, and was not the result of any intentional design on the part of the Debtor to flout the clear meaning of the Bankruptcy Rules.

Excusable neglect was discussed at length by the Supreme Court in *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) in the context of a case involving Bankruptcy Rule 9006. The Court first focused on the word 'neglect,' stating that neglect "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Pioneer*, 507 U.S. at 388, 113 S.Ct. at 1495. By allowing late filings on the basis of excusable neglect, "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening cir-

cumstances beyond the party's control." *Id. See also Spitzer Great Lakes Ltd. v. United States Envtl. Protection Agency*, 173 F.3d 412, 416–17 (6th Cir.1999) (noting that *Pioneer* "liberalized" the definition of excusable neglect).

As another Panel of the BAP explained in *Belfance v. Black River Petroleum (In re Hess )*, 209 B.R. 79, 82 (6th Cir. BAP 1997):

> The Supreme Court's decision in [*Pioneer* ] defined "excusable neglect" in the context of Fed. R. Bankr.P. 9006(b).

> [A]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, it is clear that "excusable neglect" ... is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant.

507 U.S. at 392, 113 S.Ct. at 1496. The Supreme Court explained:

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.

*Id.* at 395, 113 S.Ct. at 1498.

In two unpublished decisions, the Court of Appeals for the Sixth Circuit held that the *Pioneer* standard of "excusable neglect" applies to Rule 8002(c). *In re Mayville*, 996 F.2d 1215, 1993 WL 213684 (6th Cir.1993); *Duncan v. Washington*, 25 F.3d 1047, 1994 WL 232397 (6th Cir.1994). In both cases, the court of appeals looked at the circumstances leading to the failure to file the notice of appeal in a timely manner and determined that the bankruptcy court had not abused its discretion when it held that "excusable neglect" had not been demonstrated.

(Alteration in original; footnotes omitted). *Compare In re Hess* (excusable neglect

had not been established under Rule 8002(c) where counsel received notice of the bankruptcy court's order only three days prior to the expiration of the 10-day period and was otherwise preoccupied with "other issues associated with trying to run a practice of law") *with Bavely v. Powell (In re Baskett)*, 219 B.R. 754 (6th Cir. BAP 1998) (excusable neglect had been established under Rule 9024 where a party had been hospitalized with major surgery and had received inaccurate advice from counsel).

■ As stated in *Pioneer*, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer*, 507 U.S. at 392, 113 S.Ct. at 1496. The Sixth Circuit subsequently relied on this statement from *Pioneer* to hold that an attorney's misreading of Rule 8002 cannot constitute excusable neglect:

> The lawyer said that he did not request an extension forthwith because he misread Rule 8002(c). However, "[i]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer*, 507 U.S. at 392, 113 S.Ct. at 1496. *Cf. Reed v. Gardner*, 986 F.2d 1122, 1128 (7th Cir.) ("An appellant's misunderstanding of [procedural rules] and ignorance of ... recent caselaw in this circuit cannot constitute excusable neglect"), *cert. denied*, 510 U.S. 947, 114 S.Ct. 389, 126 L.Ed.2d 337 (1993); *In re Cosmopolitan Aviation Corp.*, 763 F.2d 507, 515 (2d Cir.) ("The excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules."), *cert. denied*, 474 U.S. 1032, 106 S.Ct. 593, 88 L.Ed.2d 573 (1985). The lawyer's misunderstanding of the rule in this case was not excusable.

*Duncan v. Washington*, 25 F.3d 1047, 1994 WL 232397 at *3 (6th Cir.1997).

The Sixth Circuit reaffirmed its holding in *Duncan* in a more recent case involving

Federal Rule of Appellate Procedure 4(a)(1):

> The plain language of Rule 4(a)(1) states, unambiguously, that the notice of appeal must be filed "within 30 days after the date of entry of the judgment or order appealed from." Von Fragstein cannot rely on *Pioneer* to excuse the mistake made here, because even the *Pioneer* opinion noted that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'" 507 U.S. at 392, 113 S.Ct. 1489....

In a case decided after *Pioneer*, this Court held that misreading a rule or statute does not constitute excusable neglect. *See, e.g., Duncan v. Washington*, 25 F.3d 1047, 1994 WL 232397 at *3 (6th Cir.) (holding that a misreading of Federal Rule of Bankruptcy 8002(c) does not constitute excusable neglect). *See also In re Mizisin*, 165 B.R. 834, 835 (Bankr. N.D.Ohio 1994) ("Misunderstanding of the Bankruptcy Code and Rules and heavy workload of counsel do not constitute excusable neglect.") Other circuits have applied *Pioneer* to reach a similar result. *See, e.g., Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931–32 (9th Cir.1994) (applying *Pioneer* to hold that lawyer's miscalculation of time in which notice of appeal must be filed did not constitute excusable neglect); *United States v. Clark*, 51 F.3d 42 (5th Cir.1995) (where notice of appeal was filed late because appellant applied the wrong rule, "we clearly cannot say that his confusion mandates a finding of excusable neglect as a matter of law"); *Prizevoits v. Indiana Bell Telephone Co.*, 76 F.3d 132, 133 (7th Cir.1996) ("The excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules.").

*Deym v. von Fragstein*, 127 F.3d 1102, 1997 WL 650933 at *2 (6th Cir.1997).

In light of relevant Supreme Court and Sixth Circuit precedent, the bankruptcy

court did not abuse its discretion in finding the Debtor's failure to file the notice of appeal within the 10-day time limit did not constitute excusable neglect pursuant to Rule 8002(c)(2). Accordingly, the bankruptcy court's order denying the Debtor's motion to extend time for the filing of the notice of appeal shall be affirmed.

Having determined the bankruptcy court appropriately denied the Debtor's motion to extend the time in which to file the notice of appeal (No. 99–8003), the Debtor's notice of appeal in No. 98–8078 and the Trustee's motion to dismiss remain pending before the Panel. The Debtor's notice of appeal from the bankruptcy court's October 6, 1998 order was not filed until October 21, 1998, 15 days after the order was entered and 5 days after the expiration of the 10-day period prescribed by Rule 8002(a).

■ " 'Cases interpreting Rule 8002 hold that the rule shall be strictly construed and that timely filing is a jurisdictional requirement.' " *In re Linder,* 215 B.R. 826, 831–832 (6th Cir. BAP 1998) (quoting *Owens v. United States Bankruptcy Court (In re Owens),* 129 F.3d 1264, 1264, 1997 WL 693555 (6th Cir. 1997)). Because the notice of appeal was not timely filed in accordance with Rule 8002, the Panel lacks jurisdiction to entertain the appeal. *Id.* Accordingly, the Trustee's motion to dismiss the appeal shall be granted.

### V. CONCLUSION

The bankruptcy court's order denying the Debtor's motion to extend the time for filing the notice of appeal (No. 99–8003) is **AFFIRMED**, and the Trustee's motion to dismiss the original appeal (No. 98–8078) is **GRANTED**.