# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 04-2578

_____

Carpenters District Council of Kansas City Pension Fund, a Trust Fund; Terry L. Davis, Trustee of the Carpenters District Council of Kansas City Pension Fund, Kansas City and Vicinity Welfare Fund, Kansas City and Vicinity Apprenticeship and Training Fund; Jeffrey Chaikin, Trustee of the Carpenters District Council of Kansas City Pension Fund and Kansas City and Vicinity Welfare Fund; Carpenters District Council of Kansas City and Vicinity Welfare Fund, a Trust Fund; Carpenters District Council of Kansas City and Vicinity Apprenticeship and Training Fund, a Trust Fund; Joseph E. Pink, Trustee of the Carpenters District Council of Kansas City and Vicinity Apprenticeship and Training Fund,

    Appellees,

v.

Graceland Industries, Inc.,

    Appellant.

\*    Appeal from the United States
\*    District Court for the Western
\*    District of Missouri.

\*    [UNPUBLISHED]

_____

Submitted: August 5, 2005
Filed: August 11, 2005

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Carpenters District Council of Kansas City Pension Fund and others (plaintiffs) sued Graceland Industries (Graceland), seeking an accounting and unpaid fringe benefit contributions under the Employee Retirement Income Security Act. See 29 U.S.C. §§ 1132, 1145. The district court[*] entered judgment in favor of plaintiffs after Graceland failed to oppose plaintiffs' summary judgment motion and failed to respond to the court's show-cause order. The district court then denied Graceland's Federal Rule of Civil Procedure 60(b) motion, and Graceland appeals.

Having reviewed the record, we find no abuse of discretion in the district court's refusal to set aside its order granting summary judgment. See Ivy v. Kimbrough, 115 F.3d 550, 552 (8th Cir. 1997) (standard of review). The purpose of Rule 60(b) relief is not to afford the parties an opportunity to reargue the merits of their case. Graceland's inability to oppose summary judgment, and counsel's deficiencies, are not grounds for Rule 60(b) relief. See Fed. R. Civ. P. 60(b); Inman v. Am. Home Furniture Placement, Inc., 120 F.3d 117, 119 (8th Cir. 1997).

Accordingly, we affirm.

_____

---

[*]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.