NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 31, 2009[*]
Decided March 31 2009

Before

FRANK H. EASTERBROOK, Chief Judge

DIANE P. WOOD, Circuit Judge

DIANE S. SYKES, Circuit Judge

Nos. 08-3428 & 08-3429

| | |
|---|---|
| In the Matter of: | Appeals from the United States District |
| UNITED AIRLINES, INC., | Court for the Northern District of Illinois, |
| Debtor-Appellee. | Eastern Division. |
| | |
| | Nos. 07 C 5612 & 08 C 594 |
| | |
| Appeals of: | John W. Darrah, |
| PETER HOFFMAN. | Judge. |

O R D E R

These consolidated appeals arise from Peter Hoffman's unsuccessful claim in the United Airlines bankruptcy. Hoffman worked for United in ground operations for six months during 1992, earning $7 per hour. He resigned at the end of his probationary period. United maintains that Hoffman resigned to avoid being fired for unsatisfactory performance, but Hoffman alleged in a later lawsuit that he resigned in exchange for

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeals are submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2).

United's oral promise to process his application for a "competitive transfer" to a job as a pilot. United never processed that application. The breach-of-contract case proceeded as a diversity suit in the Southern District of New York until the airline filed for Chapter 11 bankruptcy in 2002. Hoffman then filed a $2.25 million proof of claim in the bankruptcy court, and United objected.

The bankruptcy court, applying Federal Rule of Civil Procedure 56, see FED. R. BANKR. P. 9014(c), 7056, disallowed Hoffman's claim. The court, ruling from the bench, explained that Hoffman needed to, but could not, establish that he would have been hired as a pilot if his application had been processed. The court reasoned that Hoffman lacked evidence that he was qualified to fly for United and noted that Hoffman admitted during his deposition that he was unqualified and that other airlines had rejected his applications for pilot positions. The bankruptcy court advised Hoffman that he could file an appeal to the district court within ten days and warned that the time would "begin running as soon as the order is docketed, so you'll want to check, if you do wish to pursue appeal, to find out when that docketing takes place." Hoffman replied that he "understood," and the bankruptcy court went on to explain that Hoffman could also ask the court to reconsider its ruling under Federal Rules of Bankruptcy Procedure 9023 and 9024. That same day the court issued a written judgment, which the clerk of the bankruptcy court docketed on July 2, 2007. See FED. R. BANKR. P. 9021, 5003.

Hoffman did not file a notice of appeal within the allotted ten days. Instead, seventeen days later, Hoffman filed in the bankruptcy court what he titled as a motion to reconsider. See FED. R. BANKR. P. 3008 ("A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate."). Hoffman argued that he possessed additional evidence establishing that United lowers its hiring standards when screening internal candidates for competitive transfers and, thus, he would have been hired as a pilot. Because Hoffman filed his motion more than ten days after entry of the underlying decision, the bankruptcy court analyzed it under Bankruptcy Rule 9024, which incorporates Federal Rule of Civil Procedure 60(b). See In re Wylie, 349 B.R. 204, 209-11 (B.A.P. 9th Cir. 2006) (explaining that Rule 3008 motions are governed by Rule 60(b) if filed more than ten days after entry of judgment). In its oral ruling, the court concluded that Hoffman did not qualify for relief under Rule 60(b) because he did not proffer any evidence that was unavailable when his claim was disallowed.

Hoffman timely appealed this decision to the district court. On August 1, 2007, he also filed a notice of appeal from the order disallowing his claim and moved for an extension of time to appeal from that decision. Hoffman recognized that the deadline for filing that appeal had expired, but he argued that his failure to meet the deadline qualified as excusable neglect. He explained that he thought United would notify him when the

court's order was docketed, and so he ignored the matter until July 12, when he learned by other means that the order had been docketed. And at that point, Hoffman added, he "concluded that a motion for reconsideration was the appropriate step to take." In another oral ruling, the bankruptcy court refused to extend the appeal deadline, reasoning that Hoffman's lack of diligence was not excusable because he had been told about the process for appealing and warned to check the docket. Hoffman then filed a second appeal to the district court from this decision.

The district court consolidated the appeals and upheld both of the bankruptcy court's rulings. Hoffman now appeals to this court. Our review is de novo, meaning that we evaluate the bankruptcy court's rulings using the same standard applied by the district court. In re Wiese, 552 F.3d 584, 588 (7th Cir. 2009); In re KMart Corp., 381 F.3d 709, 712 (7th Cir. 2004). Both decisions must be upheld unless the bankruptcy court abused its discretion. See In re President Casinos, Inc., 397 B.R. 468, 470-72 (B.A.P. 8th Cir. 2008); In re HML II, Inc., 234 B.R. 67, 69 (B.A.P. 6th Cir. 1999).

Hoffman does not dispute that Rule 60(b) governed his motion for reconsideration. And relief under Rule 60(b) is an extraordinary remedy. Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006). As relevant here, a judgment may be set aside based upon "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial." FED. R. CIV. P. 60(b)(2); see Hicks v. Midwest Transit, Inc., 531 F.3d 467, 474 (7th Cir. 2008). Hoffman's proffered evidence, purporting to show that United evaluates internal candidates using lower standards that he would have satisfied, was available to Hoffman at summary judgment and was not "new." And to the extent that Hoffman argued that the bankruptcy court in its initial ruling had misunderstood his contentions or overlooked a material issue of fact, those contentions were outside the scope of Rule 60(b). As we have repeatedly stated, Rule 60(b) is not a substitute for a timely appeal. See Stoller v. Pure Fishing Inc., 528 F.3d 478, 480 (7th Cir. 2008), cert. denied, 129 S. Ct. 609 (2008); Bell v. Eastman Kodak Co., 214 F.3d 798, 801 (7th Cir. 2000); see also In re G.A.D., Inc., 340 F.3d 331, 337 (6th Cir. 2003); Cent. Vt. Pub. Serv. Corp. v. Herbert, 341 F.3d 186, 190 (2d Cir. 2003). Thus, the bankruptcy court did not abuse its discretion in denying Hoffman's first post-judgment motion.

Nor did the bankruptcy court abuse its discretion in refusing to extend Hoffman's time to appeal from the order disallowing his claim. Rule 8002 of the Federal Rules of Bankruptcy Procedure requires that a notice of appeal be filed within ten days after entry of the bankruptcy court's decision. Under the bankruptcy rules, "ten days" means ten calendar days, see FED. R. BANKR. P. 9006(a), and during that period Hoffman did not file a notice of appeal or take any step that would have tolled the deadline. Rule 8002 does authorize the bankruptcy judge to extend the deadline even after it expires if a motion

establishing "excusable neglect" is made within the next twenty days. FED. R. BANKR. P. 8002(c)(2); In re Kmart Corp., 311 B.R. 844, 845-46 (N.D. Ill. 2004). The determination of excusable neglect is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993); see Prizevoits v. Ind. Bell Tel. Co., 76 F.3d 132, 134 (7th Cir. 1996) (concluding that Supreme Court's definition of "excusable neglect" applies "throughout the federal procedural domain"); In re Warrick, 278 B.R. 182, 185-87 (B.A.P. 9th Cir. 2002); In re HML II, Inc., 234 B.R. at 71. And in this case Hoffman's neglect was not excusable.

Hoffman contends that he failed to timely appeal because he misunderstood the applicable law. He also argues that the bankruptcy court should have taken into account that the delay was brief, that he acted in good faith, and that United would not be prejudiced by allowing the appeal to proceed. See Pioneer Inv. Servs. Co., 507 U.S. at 395. As the Supreme Court has stated, however, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." Id. at 392. Indeed, we have noted that an "inability or refusal to read and comprehend the plain language of the federal rules" can never constitute excusable neglect. Prizevoits, 76 F.3d at 133 (quotation marks and citation omitted); see also Easley v. Kirmsee, 382 F.3d 693, 697-98 (7th Cir. 2004) (holding that litigants have duty of diligence to inquire about status of case and to seek clarification of court rules); In re Warrick, 278 B.R. at 187 (holding that pro se debtor's failure to check docket did not qualify as excusable neglect sufficient to justify an untimely appeal). Hoffman's purported misunderstanding, then, would have been weak support for a finding of excusable neglect. It was no support at all, however, given that the bankruptcy court cautioned Hoffman that he had just ten days to act and that the time would begin running as soon as an order was docketed.

Accordingly, both judgments are AFFIRMED.