*By order of the Bankruptcy Appellate Panel, the precedential effect of this decision is limited to the case and parties pursuant to 6th Cir. BAP LBR 8024-1(b). See also 6th Cir. BAP LBR 8014-1(c).*

File Name: 21b0002n.06

# BANKRUPTCY APPELLATE PANEL

## OF THE SIXTH CIRCUIT

IN RE: PAUL DARREN SMITH,

*Debtor.*

JAMES D. BALLINGER,

*Plaintiff-Appellee*,

*v.*

PAUL DARREN SMITH,

*Defendant-Appellant.*

No. 20-8015

Appeal from the United States Bankruptcy Court
for the Western District of Kentucky at Louisville.
No. 3:19-bk-31599; Adv. No. 3:19-ap-03033—Thomas H. Fulton, Bankruptcy Judge.

Decided and Filed: January 21, 2021

Before: BUCHANAN, MASHBURN, and PRICE SMITH, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF:** Harry B. O'Donnell, Louisville, Kentucky, for Appellant. James D. Ballinger, BALLINGER LAW, PLLC, Louisville, Kentucky, for Appellee.

_____

**OPINION**

_____

JESSICA E. PRICE SMITH, Bankruptcy Appellate Panel Judge. After the bankruptcy court entered a judgment finding the debt against him nondischargeable, the debtor failed to file

a timely notice of appeal. He did, however, file a motion for extension of time to file an appeal pursuant to Rule 8002(d)(1)(B). Because the bankruptcy court focused only on when the motion for extension of time was filed and did not explicitly rule whether the failure to timely file a notice of appeal was due to excusable neglect, the Panel vacates the order and remands for further proceedings.

## ISSUES ON APPEAL

Did the bankruptcy court abuse its discretion by failing to properly weigh the *Pioneer*[1] factors?

## JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Western District of Kentucky has authorized appeals to the BAP. A final order of a bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1). "Orders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020) (citing *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501, 135 S. Ct. 1686 (2015)). "An order denying a motion for extension of time to file a notice of appeal pursuant to Fed. R. Bankr. P. 8002 [(d)][2] is a final order." *Crehan v. Ying Ly (In re Ying Ly)*, No. 06-8095, 378 B.R. 416 (Table), 2007 WL 2891321, at *1 (B.A.P. 6th Cir. Oct. 5, 2007); *Allied Domecq Retailing USA v. Schultz (In re Schultz)*, 254 B.R. 149, 151 (B.A.P. 6th Cir. 2000) (quoting *Belfance v. Black River Petroleum, Inc. (In re Hess)*, 209 B.R. 79, 80 (B.A.P. 6th Cir. 1997)).

The standard of review for appeal of an order denying a motion for extension of time pursuant to Rule 8002(d)(1)(B) is abuse of discretion. *In re Edwards*, No. 17-8028, 2018 WL 2717237, at *1 (B.A.P. 6th Cir. June 5, 2018), *aff'd*, 748 F. App'x 695 (6th Cir. 2019).

---

[1]Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship., 507 U.S. 380, 395, 113 S. Ct. 1489 (1993).

[2]Following renumbering, the applicable rule is now 8002(d).

## FACTS

The bankruptcy court entered a judgment on February 12, 2020, finding that the debt owed by the Debtor, Paul Darren Smith ("Smith"), is excepted from discharge pursuant to § 523(a)(2)(A).  The deadline pursuant to Federal Rule of Bankruptcy Procedure ("Rule") 8002(a) for filing a notice of appeal expired 14 days later, on February 26, 2020.  Smith did not file a notice of appeal by that deadline.  On March 18, 2020, Smith filed a motion for extension of time to file a notice of appeal pursuant to Rule 8002(d)(1)(B), which allows a motion to be filed within 21 days after the deadline for filing a notice of appeal expires.

The bankruptcy court held a hearing, then issued an order denying the motion.  In its order, the bankruptcy court cited *Pioneer* as providing non-exclusive factors to be weighed and noted that "the excuse given for the late filing must have the greatest import."  (Order, Case 19-03033,  ECF No. 26 at 2 citing *United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010).)  Although stating that "the reason-for-delay" was critical, the court held that "missing the 14-day appeals deadline by one day **may** have constituted "excusable neglect," but waiting an additional three weeks before notifying the Court of his request was not."  (*Id.* (emphasis added).)  The bankruptcy court did not evaluate Smith's reason for delay, misinformation from prior counsel, nor explain how the timing of the motion could impact an evaluation of the reason given.

## DISCUSSION

Federal Rule of Bankruptcy Procedure 8002(a) provides, with exceptions not relevant to this case, that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed."  Rule 8002(d)(1) allows the bankruptcy court to extend the time to file a notice of appeal when a party's motion is filed either "(A) within the time prescribed by this rule; or (B) within 21 days after that time, if the party shows excusable neglect."  Fed. R. Bankr. P. 8002(d)(1).

Although *Pioneer* was decided in a different context, the Sixth Circuit Court of Appeals, as well as this Panel, apply *Pioneer*'s excusable neglect standard to Rule 8002.  *Cmty. Fin. Servs. Bank v. Edwards* (*In re Edwards*), 748 F. App'x 695, 698 (6th Cir. 2019).  The Supreme Court concluded that the determination of whether a party's neglect in missing a deadline is excusable

"is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission" including the following factors:

> the danger of prejudice [to the opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer* , 507 U.S. at 395. "[T]hose factors are not mechanically applied nor do they carry equal weight." *Edwards*, 748 F. App'x at 698. Instead, and as noted by the bankruptcy court, "the excuse given for the late filing must have the greatest import." *Munoz*, 605 F.3d at 372 (further noting that while other factors "might have more relevance in a closer case, the reason-for-delay factor will always be critical to the inquiry").

In the present case, the bankruptcy court mentioned these principles but rested its decision entirely on the number of days Smith waited before filing the motion to extend time to appeal without weighing Smith's reason for missing the original appeal deadline. With that focus, the bankruptcy court concluded: "In short, counsel's missing the 14-day appeals deadline by one day may have constituted 'excusable neglect,' but waiting an additional three weeks before notifying the court of his request was not." (Order, Case 19-03033, ECF No. 26 at 2.) While the length of the delay is included as a potential factor in determining excusable neglect,[3] *Pioneer*, 507 U.S. at 395; *Edwards*, 748 F. App'x at 698; *Duncan v. Washington*, No. 93-1171, 25 F.3d 1047 (Table), 1994 WL 232397, at *3 (6th Cir. May 27, 1994); *Schultz*, 254 B.R. at 153, this factor is but one relevant circumstance in the fact-dependent inquiry and cannot be examined to the exclusion of the other factors, especially the movant's reason for missing the original deadline to appeal. This misapplication of the law requires the Panel to vacate the order and remand for further proceedings.

---

[3]In addition, courts have recognized that the length of the delay may reflect upon the movant's credibility and good faith. *See Ying Ly*, 2007 WL 2891321, at *4; *Degirolamo v. Daily & Haskins (In re Wittmer)*, Adv. No. 11-6007, 2012 WL 366517, at *3 (Bankr. N.D. Ohio Feb. 2, 2012). However, the bankruptcy court made no findings with regard to Smith's credibility and good faith in this case.

Ballinger asks the Panel to find that Smith's reason for missing the deadline does not demonstrate excusable neglect.  While a long line of cases[4] indicates that mistakes in construing the rules for determining the time for an appeal are usually insufficient to establish excusable neglect, a determination regarding excusable neglect is fact dependent.[5]  It is beyond this Panel's calling to make factual findings and weigh the *Pioneer* factors in the first instance.  As such, the matter must be remanded to the bankruptcy court.

**CONCLUSION**

The bankruptcy court erred by failing to properly weigh the *Pioneer* factors. Accordingly, the Panel must remand this case for further factual findings and conclusions of law.

---

[4]*See Pioneer*, 507 U.S. at 392; *Edwards*, 748 F. App'x at 700; *Nicholson v. City of Warren*, 467 F.3d 525, 527 (6th Cir. 2006); *Duncan*, 1994 WL 232397 at *3; *HML II, Inc. v. Ginley (In re HML II, Inc.)*, 234 B.R. 67, 72 (B.A.P. 6th Cir. 1999) *aff'd* 215 F.3d 1326 (Table), 2000 WL 659140 (6th Cir. May 11, 2000).

[5]*See Ott v. Somogye (In re Somogye)*, No. 18-30927, 2020 WL 4810805, at *3 (Bankr. N.D. Ohio July 28, 2020) ("Many cases addressing excusable neglect in the context of late notices of appeal are unpublished decisions, presumably because the outcomes depend so heavily on specific facts.")